One eminent authority cites 42 W. L. B., 273, as also casting doubt in a similar way. We do not so consider it. The case of *Tims* v. *Tims et al*, 14 C.C.(N.S.), 273, is directly opposed to the view of this court, and with all due respect to that court we find no sufficient reason for following its decision.

As stated in *Allen* v. *Griffen*, 35 N. W., 21 (Wis.):

"This is a very old question both in England and this country, and with all due respect for the learning and ability of counsel for the contestants, we think it very clear that the great weight of authority is against the claim made by counsel."

(See opinion in this case for further reasoning and for citation of authorities.)

The appeal will therefore be granted, and the paper writing ordered to be probated as the last will and testament of Joseph L. Reckard, deceased. Judgment may be taken accordingly.

---

### DAMAGES FOR EROSION OF BANKS OF COUNTY DITCH.

Common Pleas Court of Hamilton County.

### GEORGE HAHN V. THE BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY.*

Decided, May 4, 1912.

*Ditches—Damages to an Abutting Owner on Account of Erosion of Banks of a County Ditch—Basis Upon Such a Recovery May be Had —Issue Must be Raised Ex Contractu, Not Ex Delicto—Pleading— Torts.*

1 Where a strip of ground of specified width and extending through a farm is acquired by the county for ditch purposes, the fact that the grantor of the strip covenanted to hold the county "free and harmless from any and all claims to damages to his remaining property resulting from the use to be made of said strip," does not estop a successor in title from maintaining an action for damages on account of erosion of the banks of the ditch much beyond the line of the strip of land acquired.

---

*Affirmed without opinion, *County Commissioners* v. *Hahn*, 89 Ohio State, —.

2. When the authorities duly constructed a ditch on land acquired for that purpose, and land each side thereof is destroyed by erosion the public is liable if such land has become a part of the ditch—and used as such—but otherwise if such land has been destroyed and not thus used; in the former case it is a taking as under an implied contract; in the latter a destruction *ex delicto*.

Alfred B. Benedict and Dudley P. Wayne, for plaintiff cited: *Article I, Section XIX,* Constitution of Ohio; *Longworth* v. *Cin'ti,* 48 O. S., 637; *Marsh* v. *Fulton Co.,* 10 Wall. (77 U. S.), 676-684; *Louisana* v. *Wood,* 102 U. S., 294, at 299; *Logan Co. Nat. Bank* v. *Townsend,* 139 U. S., 67, at 75; *Chapman* v. *County of Douglas,* 107 U. S., 348; *U. S.* v. *Russell,* 13 Wall. (80 U. S.), 623; *Butler* v. *Comrs. of Neosho Co.,* 15 Kan., 178; *U. S.* v. *Great Falls Co.,* 112 U. S, 645; *Pumelly* v. *Green Bay Co.,* 13 Wall. (80 U. S.), 166; *Newburg Petroleum Co.* v. *Weare,* 44 O. S., 604, at 612.

John V. Campbell, Assistant Prosecuting Attorney, for the defendants, cited: *Comrs. of Hamilton County* v. *Mighels,* 7 O. S., 110, at 118 and 119; *Volk* v. *Board of Education,* 72 O. S., 481 and 482; *Grinwood* v. *Comrs. Sumner Co.,* 23 O. S., 600; *Holden* v. *Wright,* 4 U. S., 235; *Railway* v. *Bosworth,* 46 O. S., 81, at 86.

DICKSON, J.

The plaintiff owns a farm. His predecessor in title conveyed by deed to Hamilton county, Ohio, for the purposes of a ditch a strip of land 40 feet wide and 1750 feet long through the farm. In the deed this predecessor in title covenanted that he would hold the county "free and harmless from any and all claims for damages to his remaining property resulting from the use made of said strip of said ground by said county, the same being for ditch purposes." The county built the ditch within the 40 foot strip. In time many feet of land on each side of the 40 foot strip have washed into the strip and away. Plaintiff claims in his pleadings that the land on each side of the ditch has been taken or appropriated by the county for the ditch, is now a part of the ditch and so used by the county; and he claims

the right to recover as damages the value of the land, for the reason it has been taken by the public for a public purpose and without compensation in money as under an implied contract.

The answer of the county is in effect a denial of any taking of land outside of the 40 foot strip, and a setting up of the above covenant releasing it from all damages.

Plaintiff demurs generally to the answer. This demurrer is also an attack upon the petition and its amendment.

Are the facts stated in the petitions sufficient in law as the basis of any claim against the county? Was the land outside the 40 foot strip taken or was it destroyed? If taken, the rules of contract obtain and damages will be allowed. Destruction not accompanied by use is not a taking and damages will be denied. A taking means by contract, express or implied. A destruction means by some unlawful act—tort.

The county had a right to use that 40 foot strip for a ditch. This follows from the purchase for a ditch and the release in the deed. This release as to use in this deed does not enlarge the county's rights. Under the law the county here is liable only for damages *ex contractu,* and not liable for carelessness—tort.

It is not necessary to find here whether the covenant as to use in the deed be personal or runs with the land. If the county used reasonable care in its purchase, and thus bought enough land for the ditch at that place, and the alleged damages have been caused by some carelessness of the county in its construction and its use, these damages arise from a tort and there has been no taking and the county is not liable.

If the county did not use reasonable care in its purchase and did not buy enough land for the ditch at that place, and the alleged damages have not been caused by any carelessness of the county in its construction and in its use, these damages arise from a contract and there has been a taking and the county is liable.

Did the county take by purchase enough land? If yes, it has not taken more, and need not pay. If no, it has taken more and must pay.

Was the negligence of the county in the purchase or the use? If in the purchase, payment must be made. If in the use, no payment.

The county has a right to acquire land for a ditch. The ditch is the thing, and the county will not be permitted to buy too little land and then of necessity permanently destroy more land by an erosion; such a destruction is not necessarily a tort. It may be a taking. Was the land thus destroyed or taken necessary for the ditch? Is it now a part of the ditch? This is the test. If yes, it must be paid for. If not, not.

When one of the public suffers on account of the wrongful (illegal) act of the public, and this wrongful act does not benefit the public, such an one has no remedy. He as one of the public suffers for the public. He suffers in degree and does not suffer in a way different in kind. But when the public benefits by such an injury to such an one and the benefit be permanent, that is, the public chooses to keep the benefit, the public must pay.

No doubt the ditch could have been constructed within the 40 foot strip by means of walls, but usually these ditches made by the county are made where the land is of little value compared with the cost of walls.

Considering the facts stated, did the county use ordinary care when it bought only 40 feet, or should it have bought more? Are these strips of land outside of the 40 foot strip used as a part of the ditch? If yes, payment must be made.

The apparent difficulty here is not in the law, but in the application of the law to the facts. The facts pleaded raise the issue on *ex contractu*, and not *ex delicto*.

The demurrer will be overruled as to the petition and sustained as to the answer.